### A. J. MEDLIN v. TOWN OF WAKE FOREST.

(Filed 21 March, 1928.)

**Trial—Instructions—Form, Requisites and Sufficiency.**

> An exception to the charge that the word "substantial" was unduly repeated as to the damages recoverable is not sustained under the facts of this case.

APPEAL by plaintiff from *Townsend, J.,* at November Special Term, 1927, of WAKE. No error.

This is an action by plaintiff against defendant for actionable negligence. For negligently paving and constructing its streets without providing adequate drains and culverts so that surface water was collected and concentrated, in an artificial drain, causing an unnatural flow of water in manner, volume and mass which was thrown on plaintiff's lot causing substantial injury, for which damage is asked.

*N. Y. Gulley and Douglass & Douglass for plaintiff.*
*Mills & Mills and Pou & Pou for defendant.*

PER CURIAM. The issues submitted to the jury and their answers thereto, were as follows:

"1. Has the property of the plaintiff been injured by the negligence of the defendant, as alleged in the complaint? Answer: No.

"2. What damages, if any, is plaintiff entitled to recover of the defendant? Answer: .............."

The record discloses that by agreement "the jury is allowed to go to Wake Forest and view the place."

From a careful inspection of the record, we think the charge is sustained by the rule laid down in this jurisdiction. *Yowmans v. Hendersonville,* 175 N. C., p. 574; *Eller v. Greensboro,* 190 N. C., 715; *Gore v. Wilmington,* 194 N. C., 450.

The learned counsel for plaintiff in their brief say: "By the frequent use of the word 'substantial' in the charge, with no explanation as to its application, his Honor misled the jury."

The court below was not called upon in the charge to the jury to define "substantial injury" or "substantial damage." No prayer for instruction to that effect was requested. Black's Law Dictionary, 2 ed., p. 1117, defines "substantial damage": "A sum assessed by way of damages, which is worth having; opposed to nominal damages, which are assessed to satisfy a bare legal right. Wharton."

Before closing the charge to the jury, the court asked if there were any other phases of the evidence or any other contentions that either side desired called to the attention of the jury, and counsel for both sides stated there were none.

The matter was a question of fact for the jury. In law we can find

No error.